**Michael HANNON, Plaintiff–Appellant,**

v.

**Jane STARKOWSKI, Sydney Shulman, Defendants,**

John G. Rowland, John J. Armstrong, Defendants–Appellees.

Docket No. 01–7339.

United States Court of Appeals, Second Circuit.

April 24, 2002.

Michael Hannon, pro se, for Appellant.

Present GRAAFEILAND, JACOBS and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the district court be, and it hereby is, AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Michael Hannon, pro se and in forma pauperis, appeals from an order of the United States District Court for the District of Connecticut (Hall, J.) dismissing his complaint under 42 U.S.C. § 1983. In March 2000, Hannon filed a class action complaint alleging that defendants had deprived him and other inmates in the custody of the Connecticut Department of Correction ("DOCS") of their constitutionally protected right of access to the courts. Specifically, Hannon alleged that Inmates Legal Assistance to Prisoners ("ILAP"), the organization retained by DOCS to help inmates with their pro se legal proceedings, was failing to provide adequate law libraries and legal assistance.

In September 2000, Hannon filed an amended complaint that sought to add four individual defendants and included the following allegations: [1] that defendant John Armstrong, the Commissioner of the Connecticut Department of Correction ("DOCS"), violated the Eighth Amendment prohibition on cruel and unusual punishment by requiring Hannon to pay three dollars for each medical and dental treatment; [2] that DOCS deprived Hannon of medical treatment by refusing a necessary operation; [3] that Armstrong allowed DOCS employees to (inter alia) remove

Hannon from prison jobs, deprive him of access to the law library, place him in disciplinary housing units with rival gang members, withhold and destroy his television, prevent him from attending his mother's funeral and wake, and transfer him to another prison in Virginia, all in retaliation for claims he had filed against DOCS. On the same day, Hannon filed a motion for a preliminary injunction seeking a temporary restraining order ("TRO") to prevent DOCS from charging inmates fees for medical and dental services.

The amended complaint was evidently never entered on the docket sheet, nor was it considered by the district court. In a Ruling and Order dated January 5, 2001, the district court dismissed Hannon's original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (a court shall dismiss an in forma pauperis complaint if the court determines that the "the action ... fails to state a claim on which relief may be granted"). The court ruled that Hannon failed to demonstrate any actual injury from the alleged denial of legal assistance, and had thereby failed to demonstrate deprivation of a constitutionally protected right. The court further ruled that Hannon lacked standing to raise claims on behalf of other inmates and did not meet the requirements for class certification under Fed. R.Civ.P. 23. Finally, the court denied the motion for injunctive relief on the ground that it was "completely unrelated to the allegations in the complaint." Ruling and Order at 7.

On appeal, Hannon argues that the district court abused its discretion in [1] dismissing the original complaint and [2] failing to consider Hannon's amended complaint.

■ As to the dismissal of the original complaint, we affirm for substantially the reasons stated in the district court's order. Although Hannon contends that he should have been granted leave to amend his initial complaint to remedy any deficiencies, he points to no facts that he was prepared or should be permitted to allege that would establish an actual injury, as required. *See Lewis v. Casey,* 518 U.S. 343, 349–50, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Hannon argues that he was harmed in that he lost his direct appeal from his criminal conviction; but losing a case on the merits is insufficient to establish actual injury. *Id.* at 351, 116 S.Ct. 2174 (holding that the inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). Examples of such hindrance include being blocked from filing a complaint, or having a complaint dismissed without a hearing on the merits because of a "failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, [the inmate] could not have known." *Id.* Hannon has alleged no facts, either in his complaint or on appeal, that, if true, would demonstrate that he was hindered in his ability to pursue a legal claim. As the district court noted, the notion that Hannon is unable to file a complaint without ILAP's assistance is belied by his complaint in this action, which "contains a concise statement of the facts, a jurisdictional statement, a reference to specific constitutional amendments, a detailed request for relief and a request for class certification." Ruling and Order at 5.

■ We vacate, however, because the district court did not consider Hannon's amended complaint. For reasons that are not clear from the record, this document apparently never came to the attention of the judge.

Because the defendants had filed no responsive pleading at the time Hannon filed his amended complaint, he was entitled to amend as of right pursuant to Fed.

R.Civ.P. 15(a). He is thus entitled to have the district court consider the new pleading. Furthermore, because Hannon's motion for injunctive relief was predicated on one of those new claims, it was error to deny that motion as "completely unrelated to the allegations in the complaint." Ruling and Order at 7. Accordingly, we vacate that part of the district court's order denying the motion for preliminary injunction, and we remand the case for consideration of that motion as well as the amended complaint filed September 8, 2000.

For the reasons set forth above, the order of the district court is hereby AFFIRMED IN PART, VACATED IN PART, AND REMANDED.